## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ENOCH KELLY HANEY            :

      Plaintiff,               :

v.                            :      Case No. 1:05-cv-02501-JDB

MARRIOTT INTERNATIONAL, INC.    :       Judge: John D. Bates
                                            Deck Type:  Personal Injury
      Defendant.             :

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Marriott International, Inc., by and through its attorneys, and hereby moves this Honorable Court for an Order granting judgment in its favor, and in support thereof, states as follows:

1.     This case arises from an incident that occurred on or about November 12, 2002.  Plaintiff claims personal injury from a slip-and-fall that occurred on the premises of Defendant's hotel.

2.     There are no material facts in dispute.

3.     Defendant, Marriott International, Inc., is entitled to judgment as a matter of law.

4.     Defendant further submits the attached statement of undisputed material facts and memorandum of points and authorities in support of its motion for summary judgment as support for this motion.

WHEREFORE, Defendant Marriott International, Inc., respectfully requests that this Honorable Court enter an Order granting its Motion for Summary Judgment and enter judgment in its favor and against Plaintiff Enoch Haney.

MACLEAY, LYNCH, GREGG & LYNCH, P.C.

By: _____/s/_____
           Robert P. Lynch #416824

1629 K Street, N.W.
Suite 802
Washington, DC 20006
(202) 785-0123
(202) 393-3390 (fax)
*Counsel for Defendant*

**CERTIFICATION REGARDING CONSENT**

I HEREBY CERTIFY that on April 5, 2007, I sought consent to the relief requested and was not able to obtain such consent.

_____/s/_____
Robert P. Lynch

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered by electronic mail, this 6th day of April, 2007, to:

Mr. Robert Dillard, Esq..
Douglas, Boykin & Oden, PLLC
1401 Eye Street, N.W.
Suite 310
Washington, D.C. 20005
*Counsel for Plaintiff*

_____/s/_____
Robert P. Lynch

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ENOCH KELLY HANEY           :

     Plaintiff,              :

v.                           :       Case No. 1:05-cv-02501-JDB

MARRIOTT INTERNATIONAL, INC.    :       Judge: John D. Bates
                                        Deck Type:  Personal Injury
     Defendant.           :

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule LcvR 56.1, Defendant Marriott International, Inc., submits the following Statement of Undisputed Material Facts:

1.      On or about November 12, 2002, Plaintiff Enoch Haney was a guest in a hotel owned by the Defendant, Marriott International, Inc., located at 775 12th Street, N.W., Washington D.C. (Exhibit 1: Deposition of Enoch Haney at 9-10).

2.      On that date, in the afternoon, Plaintiff entered the bathtub in his hotel room, slipped and fell.  (Exhibit 1 at 14-15).

3.      Plaintiff did not notice anything unusual about the surface of the bathtub. (Exhibit 1 at 16).

4.      Plaintiff had already turned the water on, but was not using any soap at the time of the fall.  (Exhibit 1 at 16, 18).

5.      Plaintiff had taken previous showers in the same bathtub without incident, including the morning of the incident.  (Exhibit 1 at 11, 18).

6.      After he fell, Plaintiff got out of the bathtub, dried himself off and called an associate, Mr. Thomas Smith, to assist him.  (Exhibit 1 at 20-21).

7.      Mr. Smith came to Plaintiff's room and Plaintiff informed Smith that he was hurt.  Smith then went to the front desk of the hotel, where he was told that Plaintiff should wait until the next day to "see how he feels or something like that."  (Exhibit 1 at 21-22).

8.    The next morning, Plaintiff went to George Washington University Hospital, where he was treated for his injury.  (Exhibit 1 at 24).

9    Plaintiff later received a release from Marriott, offering to settle his claim for $300.  Plaintiff did not agree.  (Exhibit 1 at 26; Marriott correspondence to Plaintiff:  Exhibits 5-7; Plaintiff's correspondence to Marriot:  Exhibit 8)

10.    The bathtub was equipped with the original slip resistance surface treatment. (Exhibit 4:  Bayan Report at 1, 4).

11    The bathtub had no history of falls.  (Exhibit 4 at 2).

12.    The bathtub exceeded industry standards for traction and slip resistance, even in the presence of soapy water.  (Exhibit 4at 1, 4).

13.    The bathtub met the required level of traction performance for slip resistant bathing facilities, is safe for normal use and was not the cause of Plaintiff's fall.  (Exhibit 4 at 1, 4).

14.    The bathtub was in its original condition, without repair or changes.  (Exhibit 3: Defendant's Answers to Plaintiff's Interrogatory Nos. 5 and 6).

MACLEAY, LYNCH, GREGG & LYNCH, P.C.


By: _____/s/_____
          Robert P. Lynch #416824
          1629 K Street, N.W.
          Suite 802
          Washington, DC 20006
          (202) 785-0123
          (202) 393-3390 (fax)
          *Counsel for Defendant*

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by electronic mail, this 6th

day of April, 2007, to:

> Mr. Robert Dillard, Esq..
> Douglas, Boykin & Oden, PLLC
> 1401 Eye Street, N.W.
> Suite 310
> Washington, D.C. 20005
> *Counsel for Plaintiff*

                                        /s/
                                   Robert P. Lynch

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENOCH KELLY HANEY            :

       Plaintiff,            :

v.                        :       Case No. 1:05-cv-02501-JDB

MARRIOTT INTERNATIONAL, INC.    :         Judge: John D. Bates
                                            Deck Type: Personal Injury

       Defendant.         :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Marriott International, Inc., submits the following memorandum of points and authorities in support of its motion for summary judgment:

### Introduction and Undisputed Material Facts

On November 12, 2002, Plaintiff Enoch Haney was a guest in a hotel owned by the Defendant, Marriott International, Inc. (Exhibit 1, Deposition of Enoch Haney, at 9-10) That afternoon, Mr. Haney began running the water in his hotel room's bathtub in preparation for a shower, stepped into the tub and slipped. (Exhibit 1 at 14-15). He attempted to catch himself on the tub's grab-bars, but was unable to keep from falling. (Exhibit 1 at 18) During the fall, Plaintiff suffered injury to his left shoulder. (Exhibit 1 at 17)

Plaintiff exited the bathtub, dried himself off and called his friend, Thomas Smith, for help. (Exhibit 1 at 20-21). Mr. Smith came to the Plaintiff's room and Plaintiff requested that Smith go to the hotel's front desk "to see if there was anything I need to know or need to do." (Exhibit 1 at 20-22). Smith returned to the room and told Plaintiff that the woman at the front desk said "to wait until tomorrow morning to see how he feels or something like that." (Exhibit 1 at 20-22).

The next day, Plaintiff allegedly spoke with a Marriott employee, Mr. Fletcher, who told him that if he wanted to go to the hospital, "they would take care of the cost."[1]  (Exhibit 1 at 23).  Plaintiff then decided to go to George Washington University Hospital, where he was treated for his injuries.  (Exhibit 1 at 24).  Upon his return to the hotel, Plaintiff never spoke to any Marriott employees about the matter.  (Exhibit 1 at  26).  He returned to his home state of Oklahoma and treated his injury under the care of Dr. Robert German.  (Exhibit 1 at 27).  He has filed suit against Marriott for the injuries he allegedly sustained as a result of his slip-and-fall.

Plaintiff claims that Defendant failed to provide a safe bathtub; specifically, he alleges that the lack of adhesive strips on the surface of the tub was a proximate cause of his injury.  (Complaint at ¶17-18, Exhibit 2, Plaintiff's Answers to Defendant's Interrogatory No. 8).  In addition, Plaintiff claims that Defendant is responsible for "failing to properly respond to his need for assistance," and that such a failure to respond is a proximate cause of his injury.  (Complaint at ¶18-19).  Finally, Plaintiff alleges that Marriott breached a contract with him when it failed to pay for his medical treatment.  (Complaint at ¶20-23).

The undisputed evidence, however, lays waste to each of Plaintiff's claims.  Plaintiff's allegation that the bathtub was unsafe is wholly without basis.  Plaintiff has provided no evidence at all that would indicate that the tub surface was unreasonably slippery or otherwise in an unsafe condition.  Defendant's expert, Mr. Fawzi Bayan, on the other hand, has examined and tested the tub at length, and has concluded that the surface of the bathtub exceeded all industry standards for traction and slip resistance – even in the presence of soapy water.  (Exhibit 4, Bayan Report at 1-4).

---

[1] Marriott does not admit that Mr. Fletcher made the statement at all.  If, in fact, he did, such an offer would be inadmissible as an offer in settlement of Plaintiff's claim.  See Fed. R. Evid. 408.  It is, however, not material to the Plaintiff's claims.  As explained below, even if the Plaintiff's allegation is true, Marriott would still be entitled to judgment as a matter of law.

Furthermore, Defendant was under no duty to render immediate aid to Plaintiff upon being informed of his fall.  Defendant is not and has never claimed to be an insurer of its guests' safety and cannot be held to render medical aid to any person who might suffer injury on its premises.  Regardless, Plaintiff has offered no evidence whatsoever that any delay in treatment exacerbated his injury.  Additionally, Plaintiff was not without aid – by his own testimony, his friend Thomas Smith was with him.  If Plaintiff felt that he needed to go to the hospital immediately, he was free to do so.  Instead, he chose to wait.

Finally, Plaintiff has no sustainable claim for breach of contract.  Even assuming that Plaintiff's allegation is true – that Mr. Fletcher promised that the Defendant would pay for his medical bills, there is no evidence that Plaintiff accepted his offer or that Plaintiff offered anything in consideration.  In fact, when Plaintiff was presented with the opportunity to sign a release in exchange for a settlement, he declined.

### Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is warranted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If a party wishes to defeat a motion for summary judgment, it "may not rest upon the mere allegations or denials of his pleading, but the plaintiff's response… must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  See Celotex, 477 U.S. at 322.

### Argument

Plaintiff has set forth two claims against Defendant, one for negligence and one for breach of contract.  As set forth below, Plaintiff has failed to carry his burden on each claim.

**A.    Plaintiff has failed to establish that Defendant was negligent.**

Plaintiff claims that, as a "business invitee," Marriott had a duty to keep its protect him from injury by providing a non-slip surface on the bathtub in his hotel room.   Though District of Columbia law is silent on the duty of care a hotel owes its patrons with respect to its

3

bathtub surfaces, it is clear that D.C. only recognizes two sets of plaintiffs in a premises liability action: (1) persons lawfully on the landowner's property; and (2) trespassers. See D.C. Standardized Civil Jury Instruction § 10.01, et. seq. The District of Columbia has abolished the common-law distinction between a licensee and an invitee. See, e.g., Polcari v. United States, 1991 U.S. Dist. LEXIS 14985 (D.D C. 1991).

Accordingly, the landowner owes a duty to exercise "reasonable" or "ordinary" care under the circumstances to keep the premises reasonably safe. Further, the landowner must repair dangerous conditions which it knows about (or has reason to know about, given the landowner's duty to inspect its property) but would not be readily apparent to the invitee. If the landowner decides not to repair the dangerous condition, then it has the duty to warn the invitee of the danger. See D.C. Standardized Civil Jury Instruction § 10.03 (derived from Firfer v. United States, 208 F.2d 524 (D.C. Cir. 1953). The landowner, however, is under no duty to guarantee the safety of members of the public on its property. See Standardized Civil Jury Instruction § 10.05; and Kendall v. Gore Properties, 236 F.2d 673, 680 (D.C. Cir. 1956)(a landowner is not a "guarantor of safety").

There is no apparent District of Columbia authority regarding the standard of care in slip-and-fall cases involving hotel bathtubs; a look to other jurisdictions, however yields a handful of cases that provide guidance. In Cooper Hotel Services, Inc. v. MacFarland, 662 So.2d 710 (Fla. 1995), for example, Florida's Second District Court of Appeals held that the plaintiff failed to establish a case for negligence where the hotel had installed "smooth-bottomed" bathtubs, even though the owner's specifications called for a tub with a textured bottom. See Cooper Hotel, 662 So.2d at 711. The evidence introduced at trial included the bathtub manufacturer's assurances that the smooth-bottomed tub met all non-slip and other safety requirements, that more than 300,000 showers had been taken without incident at the owner's hotels and that the plaintiff had previously taken a shower in similar circumstances. See Id. at 712-13. Like the District of Columbia, Florida imposes a duty on an innkeeper to

4

use "reasonable" or "ordinary" care to keep its premises in safe condition. <u>See</u> <u>Id.</u> at 713. The <u>Cooper Hotel</u> court, recognizing that "[i]t is common knowledge, however, 'that a small amount of water in the bottom of a bathtub creates a slippery condition,'" held that the plaintiff did not meet her burden of proof because there was no evidence that the smooth-bottom tubs were unsafe or did not meet the same non-slip specifications as textured tubs. <u>See</u> <u>Id.</u>

In a similar case, the Court of Appeals of North Carolina held that, where one-half of the bathtub's non-slip strips were missing, a hotel could not be held negligent for the slip-and-fall injury of its guest. <u>See</u> <u>Kutz v. Koury Corporation</u>, 377 S.E.2d 811 (N.C. 1989). In <u>Kutz</u>, the court considered not only the general "duty to use ordinary care," but also that, "where a condition of the premises is obvious. . . generally there is no duty" to warn. <u>See</u> <u>Kutz</u>, 377 S.E.2d at 813. The <u>Kutz</u> court held that, even though half the non-slip strips were missing, the bathtub was not so inherently dangerous so as to give rise to a claim of negligence. <u>See</u> <u>Id.</u> at 813-14. The court went on to comment that it is common knowledge that bathtub surfaces were slippery, especially when soap and water were added. <u>See</u> <u>Id.</u> at 813.

In yet another similar case, the U.S. District Court for the Eastern District of Michigan held that a slippery tub is an obvious hazard and that the defendant hotel had no duty to warn the plaintiff of an "open and obvious" danger. <u>See</u> <u>Johnson v. Red Roof Inns, Inc.</u>, 1997 U.S. Dist. LEXIS 12069 (E.D. Mich. 1997). The <u>Johnson</u> court relied chiefly on a case from Ohio, <u>Coyle v. Beryl's Motor Hotel</u>, 171 N.E.2d 355 (Ohio App. 1961), which pointed out that devices such as rubber bath mats, textured tubs and the like are not the best precaution and would neither solve the question of the innkeeper's liability for bathtub slip-and-fall cases, nor protect the guests. <u>See</u> <u>Johnson</u> at 5-6. In short, the danger of slipping and falling in a bathtub was held to be an obvious one, and therefore, even if a handrail or bath mat could have been provided, the hotel was under no obligation to warn the guest of an open and obvious danger. <u>See</u> <u>Id.</u> at 8-10.

5

Likewise, in <u>Garvin v. Hyatt</u>, 2000 Mass. App. Div. 143 (2000), the appellate division of the Massachusetts Municipal Court held that, where the plaintiff offered no evidence regarding the composition of the bathtub surface, its coefficient of friction or any expert testimony regarding the standard of care for bathtub safety, the defendant could not be held liable for the plaintiff's slip-and-fall injuries, despite the absence of any non-slip coating or bath mat. <u>See</u> <u>Garvin</u>, 2000 Mass. App. Div. at 145. Though the plaintiff claimed that the bathtub was "excessively slippery" and the defendant claimed to have no knowledge regarding the tub's composition, the court held that the plaintiff had not met his burden. <u>See Id.</u> at 146.

A very thorough opinion regarding the liability of a hotel for the slip-and-fall injuries of its guest has been written by the U.S. District Court for the Eastern District of Pennsylvania. In <u>Brault v. Dunfey Hotel Corp.</u>, 1988 U.S. Dist. LEXIS 14408, the court, applying Connecticut law to the plaintiff's motion for new trial (after the defendant's motion for directed verdict), noted that there was no applicable precedent in Connecticut. <u>See</u> <u>Brault</u> at 13-14. Therefore, it analyzed case law from a myriad of jurisdictions, including state appellate courts in Ohio[2], New Mexico[3], Florida[4] and Massachusetts[5] as well as the 10th Circuit Court of Appeals[6] and the U.S. District Court for Massachusetts[7].

---

[2] <u>See</u> <u>Coyle</u>, 171 N.E.2d at 358 (noting that safety devices are of doubtful value and that requiring such fixtures will neither solve the question of liability nor protect the innkeeper's guests).

[3] <u>See</u> <u>Dempsey v. Alamo Hotels, Inc.</u>, 418 P.2d 58, 62 (N.M. 1966)(holding that it is common knowledge that a bathtub surface may be slippery and that the plaintiff voluntarily assumed the risk of harm to himself – even if the innkeeper was negligent).

[4] <u>See</u> <u>Miller v. Schull</u>, 48 So.2d 521, 522 (Fla. 1950)(holding that plaintiff's own failure to discover the open and obvious condition of a slippery bathtub surface prevented her recovery).

[5] <u>See</u> <u>Bearse v. Fowler</u>, 196 N.E.2d 910, 911 (Mass. 1964)(holding that directed verdict in favor of the defendant was proper where allegedly faulty faucet handle was new and daily inspection did not disclose defect)

[6] <u>See</u> <u>Adams v. Powell</u>, 351 F.2d 273, 274 (10th Cir. 1965)(where record showed that plaintiff slipped and fell, but failed to show breach of duty by defendant, judgment notwithstanding the verdict was proper).

[7] <u>See</u> <u>LaBart v. Hotel Vendome Corp.</u>, 213 F.Supp. 958-9 (D.Mass. 1963)(where plaintiff's evidence was that bathtub was "smooth and shiny," it was considered to be a mere description of the premises and plaintiff failed to meet burden).

Plaintiff has alleged that his slip-and-fall in the Defendant's bathtub was a result of a lack of non-slip surface. This claim is easily disposed of – Mr. Bayan has examined the bathtub in question and found that it was equipped with the original slip resistance surface treatment. (Exhibit 4 at 2-3). Bayan's tests indicated that, under the conditions that Plaintiff entered the tub (water alone), the tub's coefficient of friction was four-and-a-half times the minimum required level of performance for slip-resistant bathing facilities. (Exhibit 4 at 4). Furthermore, even in the presence of soapy water, the bathtub was 3 times more slip-resistant than the ASTM's minimum required level of performance.[8] (Exhibit 4 at 4).

In contrast, Plaintiff has not named an expert on this issue[9] and has not examined the tub in question. Plaintiff has offered no evidence in support of his allegations that the bathtub was unsafe. Indeed, the Plaintiff did not know if the tub had was equipped with any non-skid treatment. (Exhibit 1 at 16). As Mr. Bayan's report points out, however, the tub's surface was equipped with a circular surface treatment that provided protection against slips. (Exhibit 4 at 2-3). A photograph of this circular pattern is included in his report. (Exhibit 4 at 3).

Even if Plaintiff can point to some evidence that the tub was not slip-resistant, he still faces significant hurdles. He must show that Marriott had notice of a dangerous condition. By his own admission, Plaintiff faced no difficulties taking showers in the same tub on previous occasions and he noticed nothing unusual about the surface of the tub. (Exhibit 1 at 14-16). In addition, the bathtub in question has no history of slip-and-fall incidents. (Exhibit 3, Defendant's Answers to Interrogatories Nos. 5 and 6). As set forth above, the overwhelming majority of courts have agreed that it is common knowledge that bathtubs may

---

[8] ASTM International (formerly known as the American Society for Testing and Materials) is an international standards developing organization that advances and publishes technical standards for a wide range of products and services, including the performance of slip-resistant bathing facilities.
[9] Plaintiff's Rule 26(a)(2) statement lists only Dr. Robert German, his treating physician.

be slippery when wet.  Plaintiff assumed the risk of injury when he stepped into the tub –

even if the tub lacked sufficient slip-resistant surfacing.

Plaintiff has also claimed that the overnight delay in seeking treatment was a

proximate cause of his injuries.  (Complaint at ¶18-19).  Though this does not appear to be a

separate cause of action, his allegations raise the possibility that Plaintiff may treat it as

such.  This claim, too, must fail for a number of reasons.

Plaintiff has failed to produce any evidence whatsoever that his claim is true.  None of

his medical records indicate that the delay in seeking treatment caused or exacerbated his

injury.  Even if his injury was caused or exacerbated by the delay in seeking treatment, there

is no evidence that Marriott had a duty to provide emergency medical care for him.  Marriott

is not in the business of providing medical care or advice – it is in the hospitality business.

(Complaint at ¶2).  By his own testimony, it does not appear that Plaintiff believed Marriott

had such a duty.  Plaintiff claims that he sent Mr. Smith to the front desk to "check downstairs

to see if there was anything I need to know or need to do."  (Exhibit 1 at 21).  This statement

does not seem to indicate that he was seeking medical advice; rather, it is evident that

Plaintiff was merely reporting his injury to Marriott.  Marriott's reaction, as allegedly reported

by Mr. Smith, is equally indicative that there was not a need for emergency care.  (Exhibit 1

at 21-22).

Moreover, Plaintiff was not precluded from seeking medical care on his own.  He was

able to get out of the bathtub and summon Mr. Smith to assist him.  (Exhibit 1 at 20-21).  He

voluntarily decided to wait until the following day to seek treatment; Marriott did not prevent

him from leaving the hotel.  In fact, it is difficult to imagine that Plaintiff, with Mr. Smith's

assistance, could not have gone to the hospital had he so chosen.

**B.    Plaintiff has failed to establish the existence of a contract**

The party who asserts the existence of a contract has the burden of proving that one

existed.  See Kramer v. Ikam, 888 A.2d 247, 251 (D.C. 2005).  For an enforceable contract to

8

exist, Plaintiff must prove that there was both an agreement as to all material terms and an intention by both parties to be bound. See Id. (quoting Georgetown Entertainment Corp. v. District of Columbia, 496 A.2d 587, 590 (D.C. 1985)). Furthermore, it "must be sufficiently definite as to its material terms (which include, e.g., subject matter…. payment terms, quantity, and duration) that the promises and performance to be rendered by each party are reasonably certain." Duffy v. Duffy, 881 A.2d 630, 634 (D.C. 2005)(quoting Affordable Elegance Travel, Inc. v. Worldspan, L.P., 774 A.2d 320, 327 (D.C. 2001)). Moreover, in order for an enforceable contract to exist, any promise to pay must be supported by consideration. See Goozh v. Capitol Souvenir Co., Inc., 462 A.2d 1140, 1142 n3 (D.C. 1983)(citing Rommel v. West American Ins. Co., 158 A.2d 683, 685 (D.C. 1960).

There is no evidence that Plaintiff accepted Mr. Fletcher's alleged offer to pay his hospital bill. Plaintiff took no action that demonstrated his acceptance of the alleged offer. Though he went to the hospital, there is no evidence that he did so in order to fulfill any obligation to Marriott. Marriott received no benefit from Plaintiff's hospital visit.

Likewise, there is no evidence that Plaintiff's claims of contract are supported by evidence of an agreement as to the contract's material terms. If a contract existed, it must have been specific and definite as to its material terms, including the amount that Marriott agreed to pay as well as any acts or promises that Plaintiff may have made. Because Plaintiff's evidence is silent as to the material terms of the alleged contract, no valid agreement is possible.

In addition, there is no evidence that Plaintiff offered any consideration in return for Mr. Fletcher's alleged offer to pay his hospital bill. It is axiomatic that a promise to act is not an enforceable contract in the absence of sufficient consideration. Haney did not offer to do anything in exchange for Fletcher's alleged promise. In fact, when he returned to the hotel, Plaintiff did not seek out anyone in order to enforce the alleged promise. (Exhibit 1 at 23). Even more stunning is that, when Marriott sent him a written offer to settle his claim,

accompanied by a general release, Plaintiff refused[10]. (Exhibit 1 at 26-27; Correspondence from Marriott to Plaintiff, Exhibits 5-7; Plaintiff's Correspondence to Marriott, Exhibit 8).

<u>Conclusion</u>

Plaintiff's claims are without evidentiary support. The undisputed material facts show that Marriott breached no legal duty to Plaintiff, under either of his theories. There being no disputed material facts, Marriott is entitled to judgment as a matter of law.

WHEREFORE, Defendant Marriott International, Inc., respectfully requests that this Honorable Court grant its motion for summary judgment and enter judgment in its favor and against Plaintiff.

MACLEAY, LYNCH, GREGG & LYNCH, P.C.


By: _____/s/_____
Robert P. Lynch #416824
1629 K Street, N.W.
Suite 802
Washington, DC 20006
(202) 785-0123
(202) 393-3390 (fax)
*Counsel for Defendant*

---

[10] Marriott's offer of $300 was more than sufficient to cover Plaintiff's initial hospital visit, for which he was billed $192. (Hospital Bill, Exhibit 9).

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered by electronic mail, this 6th day of April, 2007, to:

Mr. Robert Dillard, Esq..
Douglas, Boykin & Oden, PLLC
1401 Eye Street, N.W.
Suite 310
Washington, D.C. 20005
*Counsel for Plaintiff*

                                                    /s/
                                        Robert P. Lynch

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ENOCH KELLY HANEY                           :

      Plaintiff,                              :

v.                                          :    Case No. 1:05-cv-02501-JDB

MARRIOTT INTERNATIONAL, INC.                :       Judge: John D. Bates
                                                    Deck Type:  Personal Injury
      Defendant.                              :

<u>**ORDER**</u>

      UPON CONSIDERATION of Defendant Marriott International, Inc.'s Motion for

Summary Judgment, the points and authorities cited therein, and any opposition filed thereto,

it is this _____ day of _____, 2007, hereby

      ORDERED that the same is hereby GRANTED; and it is further

      ORDERED that judgment be entered in favor of the Defendant, Marriott International,

Inc. and against Plaintiff, Enoch Kelly Haney.


                                          _____
                                                    Judge

Copies to:

      Robert P. Lynch, Esq.
      1629 K Street, N.W.
      Suite 802
      Washington, D.C.  20006
      *Counsel for Defendant*

      Robert Dillard, Esq..
      1401 Eye Street, N.W.
      Suite 310
      Washington, D.C. 20005
      *Counsel for Plaintiff*