**DEFENDANT'S EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENOCH KELLY HANEY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARRIOTT INTERNATIONAL, INC. ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:05-cv-02501-JDB <br> Judge: John D. Bates <br> Deck Type: Personal Injury |

## PLAINTIFF ENOCH KELLY HANEY'S RESPONSES TO DEFENDANT MARRIOTT INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and LCvR 5.2, Plaintiff, Enoch Kelly Haney ("Plaintiff" or "Haney") hereby objects and responds to Marriott International, Inc.'s ("Marriott" or "Defendant") First Interrogatories to Plaintiff as follows:

## GENERAL OBJECTIONS

The following General Objections apply to each and every Interrogatory and shall have the same force and effect as if set forth in full in response to each individually numbered Interrogatory:

1. Haney objects to each and every Interrogatory to the extent that it seeks the disclosure of information that is protected by the attorney-client privilege and/or the work product doctrine and every other applicable evidentiary privilege.

2. Haney objects to each and every Interrogatory to the extent that it calls for the identification and/or production of confidential and/or proprietary business information.

3. Haney objects to each and every Interrogatory to the extent that each is a compound request seeking unrelated materials and information.

4. Haney objects to each Interrogatory request to the extent that it contains a legal conclusion or inappropriate characterization of the facts.

5. Haney objects to each and every Interrogatory to the extent that it seeks information that is not relevant to the subject matter involved in the pending action, nor is it reasonably calculated to lead to the discovery of relevant admissible evidence.

6. Haney objects to each and every Interrogatory on the grounds that the Plaintiff has exceeded the number of Interrogatories that may be asked under the Superior Court Rules for the District of Columbia in that the total number of Interrogatories asserted by the Marriott, including all parts and subparts, exceeds forty.

7. Haney objects to each and every Interrogatory on the grounds that the Plaintiff seeks to impose any obligations on Haney in excess of those imposed by the applicable rules of civil procedure.

8. Haney expressly reserves the right to amend and/or supplement this response as appropriate prior to the trial of this action and reserves evidentiary objections to the time of trial.

9. Each general objection is hereby incorporated and made a part of each individual response to each Interrogatory stated below. These general objections may be specifically referred to in a response to certain Interrogatories for the purpose of clarity. However, the failure to specifically incorporate a general objection is not a waiver of the general objection.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

State your full name, your residence addresses for the past five (5) years, your social security number, your date and place of birth, your present and past marital status, and if currently married the name of your spouse, and the names and ages of your children, if any. If you have ever been known by another name, list those names and where and when you used them.

2

## RESPONSE TO INTERROGATORY NO. 1

Haney objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Haney further objects to this Interrogatory to the extent that it calls for the identification and/or production of confidential and/or proprietary business information. Subject to and without waiver of the foregoing General and Specific Objections, Haney states his birth name was Enoch Louis Haney and he was born on November 12, 1940 in Little, Oklahoma. In or about 1979, Mr. Haney changed his name to Enoch Kelly Haney. Mr. Haney is divorced with six children Kutcha John, Damaris Joy, Kathy Marie, Kelli Brooke, William Michael, and John Hudson. Mr. Haney's current address is Rt. 4 Box 160-C Seminole, Oklahoma.

## INTERROGATORY NO. 2

State your educational background, disclosing the name of each education institution you attended, the dates of attendance and graduation and whether you obtained any diploma or degree and in what area of specialty.

## RESPONSE TO INTERROGATORY NO. 2

Haney objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiver of the foregoing General and Specific Objections, Mr. Haney attended Bacone College in Muskogee, Oklahoma where he obtained an Associates of Art in 1962. Subsequent to that, Mr. Haney attended Oklahoma City University in Oklahoma City, Oklahoma where he obtained a Bachelor of Arts in Fine Arts and minored in Religion in 1965. Mr. Haney also attended the Progress Management Institution in Philadelphia, Pennsylvania in conjunction with the Wharton School of Business and Temple School of Business in 1969 where he earned certification in management. Mr. Haney went back to the Oklahoma City University and took

additional classes in education towards a master degree. In 2004, Mr. Haney attended the Oklahoma Film Institute where he completed a track on digital film making and directing. Mr. Haney is also the recipient of an Honorary Doctorate of Law from Oklahoma City University.

## INTERROGATORY NO. 3

Provide your employment history, disclosing the names and addresses of your present and former employers, your job titles, your dates of employment and reason(s) for termination.

## RESPONSE TO INTERROGATORY NO. 3

Haney objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Haney also objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiver of the foregoing General and Specific Objections, Haney states that he is currently employed with the Seminole Nation of Oklahoma and has been the Principal Chief since September 2005 – present. Mr. Haney is a professional artist who has owned and operated his own art business since in or about 1976 beginning with the American Indian Art Gallery in Shawnee, Oklahoma and then Haney, Inc., since 1987 an art business in Seminole, Oklahoma. Mr. Haney is also owner and operator of Oklahoma Guardian, LLC, a consulting firm for international marketing and Lighthorse Films, LLC, a film making company.

## RESPONSE TO INTERROGATORY NO. 4

If, other than the claim in this case you have ever made a claim for damages against anyone, or made a disability claim or workmen's compensation claim, indicate the nature of each such claim, when you made it, the name and address of the person(s) or company(s) against whom you made the claim, the disposition of each such claim, and if the claim resulted in a legal proceeding, where the proceeding took place.

## RESPONSE TO INTERROGATORY NO. 4

Haney objects to this Interrogatory on the grounds that it is vague. Haney also objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the

pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Haney further objects to this Interrogatory as it seeks information protected by the attorney-client privilege and work-product doctrine as well as any other applicable evidentiary privilege. Subject to and without waiver of the foregoing General and Specific Objections, Mr. Haney asserts he has never made a claim for physical damages, disability or worker's compensation.

## INTERROGATORY NO. 5

If you have every [sic] been involved, either before or after the incident at issue in this lawsuit, in an accident in which you suffered personal injury, including for example an automobile accident or slip and fall accident, state the location and nature of each such incident, the names of the other people involved, the injuries suffered, the medical treatment you received and the nature of any resulting disability.

## RESPONSE TO INTERROGATORY NO. 5

Haney objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiver of the foregoing General and Specific Objections, Haney states that on or about April 4, 2003, in Oklahoma while operating his motor vehicle, he was struck in the right rear. In an abundance of caution and after experiencing a headache, Mr. Haney went to Seminole Medical Center Emergency Room a few hours after the incident. Mr. Haney was not diagnosed with suffering any major physical injuries as a result of that accident. Mr. Haney further states that he has not been involved in any other accident in which he suffered personal injury prior to or after the incident at the Marriott.

## INTERROGATORY NO. 6

If you have ever been convicted of a crime, disclose the crime for which you were convicted, the court in which such conviction took place and the sentence which you received.

## RESPONSE TO INTERROGATORY NO. 6

Haney objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiver of the foregoing General and Specific Objections, Haney states that he has never been convicted of a crime.

## INTERROGATORY NO. 7

If you have ever been hospitalized, including admission to the emergency room of any health care facility, other than on account of the occurrence at issue in this lawsuit, disclose for each such hospitalization, the name of the hospital, the reason(s) for the hospitalization, the dates of the hospitalization and the name of your treating physician.

## RESPONSE TO INTERROGATORY NO. 7

Haney objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Haney further objects to this Interrogatory as it seeks information protected by the attorney-client privilege and work-product doctrine as well as any other applicable evidentiary privilege. Haney objects to this Interrogatory to the extent that it calls for the identification and/or production of confidential and/or proprietary business information. Subject to and without waiver of the foregoing General and Specific Objections, Mr. Haney states that on or about April 4, 2003, Mr. Haney went to Seminole Medical Center's Emergency Room after a motor vehicle accident. The emergency room doctor, Dr. Jonathan S. Nunley, discharged Mr. Haney after examination. Furthermore, in 1988 Mr. Haney underwent a laser uvuloplatopharynygoplasty and tonsillectomy at Mercy Hospital in Oklahoma City. In January and February 1996, Mr. Haney had a laparoscopic cholecystectomy and an endoscopic retrograde cholangiopancreatography respectively at Baptist Hospital in Oklahoma City. In 2004, Mr. Haney underwent a needle biopsy of the prostate and was diagnosed with adenocarcimona at Valley View Hospital in Ada, Oklahoma. That biopsy was followed by radiation therapy at Unity Health Center in

Shawnee, Oklahoma. Mr. Haney has also undergone an appendectomy, palatoplasty for sleep apnea and was diagnosed with Type 2 diabetes in 2002.

## INTERROGATORY NO. 8

Explain in detail how you contend the occurrence took place, including in your answer the date, time and precise location of the occurrence and what it is you believe defendant(s) did wrong.

## RESPONSE TO INTERROGATORY NO. 8

Subject to and without waiver of the foregoing General Objections, Mr. Haney states that on November 12, 2002, while a guest at the Marriott Metro Center hotel in Washington, DC, while entering the shower around three or four p.m. in the afternoon, he slipped and fell in the bathroom of the hotel room. As he began to fall, his head was falling toward a metal hand rail and he grabbed the rail to avoid hitting his head. Although his head avoided hitting the rail it did still end up hitting the wall. Simultaneously, Mr. Haney's hand slipped on the rail in a manner that injured his shoulder. The tub was extremely slippery as the Marriott failed to provide appropriate adhesive strips on the tub. Thereafter, a business associate, Thomas Smith, went to the front desk at the hotel to report the incident. Mr. Smith was informed by a female employee at the Marriott that Mr. Haney should wait until the next day to see what his condition was like at that time.

## INTERROGATORY NO. 9

Disclose the names and addresses of all persons, other than eyewitnesses, who have knowledge of any facts pertaining to the happening or circumstances of the occurrence and the injuries you allegedly suffered as a result, including witnesses who will testify about your pain and suffering, and with respect to each, what you expect him/her to testify to should this case proceed to arbitration or trial.

## RESPONSE TO INTERROGATORY NO. 9

Haney objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiver of the foregoing General and Specific

7

Objections, Mr. Haney has personal knowledge to the occurrence at the Marriott which resulted in his injury as well as the effect such injury had on his ability to work. Furthermore, Mr. Thomas Seth Smith, who accompanied Mr. Haney on the trip, has knowledge as to the Marriott's response upon learning of Mr. Haney's fall. Upon information and belief, Mr. Smith resides at 411 Woodland Circle in Durant, OK and is employed as President and Chief Executive Officer of Rural Enterprises of Oklahoma, Inc. of Post Office Box 1335 Durant, OK 74702. Dr. Robert A. German was the doctor who primarily cared for Mr. Haney and his injuries which resulted from his fall at the Marriott. Dr. German is a physician with the McBride Clinic, Inc. located at 1110 North Lee Oklahoma City, OK. Dr. German would be the individual who could testify to the pain and disability in Mr. Haney's shoulder. He can also testify as to his findings on the MRI, namely, a rotator cuff tear and his recommendation for surgically repairing the tear and physical therapy. Lastly, Mr. Haney sought extensive physical therapy from physical therapists over a period of time at Seminole Medical Center located at 2401 Wrangler Blvd. Seminole, OK 74868.

## INTERROGATORY NO. 10

State the exact nature of the injuries you allege you received as a result of the occurrence and the treatment you received, including in your answer (a) the dates of admission and discharge from all hospitals and health care facilities; (b) the names and addresses of all treating physicians and other health care providers; and (c) the dates for which you received treatment from each such physician and health care provider.

## RESPONSE TO INTERROGATORY NO. 10

Haney objects to this Interrogatory on the grounds that it is overly broad, and unduly burdensome. Haney also objects to this Interrogatory to the extent that it seeks information that is not relevant to the subject matter involved in the pending action, nor is it reasonably calculated to lead to the discovery of relevant admissible evidence. Haney further objects to this Interrogatory to the extent that it calls for the identification and/or production of confidential and/or proprietary business information. Subject to and without waiver of the foregoing General and Specific Objections, Haney states that on November 13,

8

2002, he sought treatment at the George Washington University Hospital's emergency room. Mr. Haney was seen by Drs. Jain and Olsen and was diagnosed with a left arm strain. Subsequently, Mr. Haney sought treatment from Dr. Robert A. German of the McBride Clinic at 1110 N. Lee in Oklahoma City, Oklahoma on January 2, 2003. Mr. Haney also saw Dr. German on 2/19, 5/22, 5/27, 6/4, 6/11, 9/3, 9/10, 10/8, and 11/5 in 2003 as well as 1/7, 3/24, and 5/19 in 2004. Mr. Haney also sought treatment, including x-rays and an evaluation at Seminole Medical Center on 4/3/03. There, he also sought physical therapy in 2003 on 4/3, 4/9, 4/11, 4/15, 4/17, 4/24, 4/30, 5/5, 5/8, 5/13, 5/20, 5/21, 5/29, 6/4, 9/15, 9/17, 9/19, 9/22, 9/23, 9/24, 9/25, 9/26, 9/30, 10/1, 10/2, 10/3, 10/6, 10/7, 10/10, 10/13, 10/15, 10/17, 10/20, 10/22, 10/24, 10/27, 10/29, 10/31, 11/3, 11/5, 11/7, 11/12, 11/14, 11/18, 11/20, 11/21, 11/24, 11/26, 12/1, 12/5, 12/8, 12/10, and 12/23/03.

## INTERROGATORY NO. 11

If you are still receiving treatment for injuries allegedly sustained in the occurrence, state what treatment you are receiving, the name and address of each doctor or health care provider from whom you are receiving treatment and the most recent date of treatment.

## RESPONSE TO INTERROGATORY NO. 11

Haney objects to the extent that this Interrogatory seeks information that is not relevant to the subject matter involved in the pending action, nor is reasonably calculated to lead to the discovery of relevant admissible evidence. Haney also objects to this Interrogatory to the extent that it calls for the identification and/or production of confidential and/or proprietary business information. Subject to and without waiver of the foregoing General and Specific Objections, Mr. Haney states that he is no longer seeking treatment for the injury he sustained at the Marriott.

## INTERROGATORY NO. 12

State which of your injuries you contend are permanent and the nature of the permanency.

## RESPONSE TO INTERROGATORY NO. 12

Subject to and without waiver of the foregoing General Objections, Haney states that he continues to suffer pain and discomfort in his left shoulder as a result of his fall at the Marriott.

## INTERROGATORY NO. 13

State the names and addresses of all doctors and health care providers from whom you received medical and health care in the last fifteen (15) years.

## RESPONSE TO INTERROGATORY NO. 13

Haney objects to this Interrogatory on the grounds that it is overly broad, and unduly burdensome. Haney also objects to this Interrogatory to the extent that it seeks information that is not relevant to the subject matter involved in the pending action, nor is it reasonably calculated to lead to the discovery of relevant admissible evidence. Haney further objects to this Interrogatory to the extent that it calls for the identification and/or production of confidential and/or proprietary business information. Subject to and without waiver of the foregoing General and Specific Objections, Haney states that he has received medical treatment from Dr. Boatman and Fr. Robert Rankin at Baptist Hospital in Oklahoma City, OK, Dr. Diacon at Valley View Hospital in Ada, OK, Dr. Taylor from Unity Health Center in Shawnee, OK, and Deconsess Hospital in Oklahoma City, OK, Wewoka Indian Health Center, as well as physical therapy at Seminole Medical Center in Seminole, OK

## INTERROGATORY NO. 14

If you contend as that as a result of injuries sustained in the incident there has been any aggravation of a pre-existing condition, whether a prior illness, diseases, injury or a mental, nervous or psychological condition, state the condition which as been aggravated, when you were first diagnosed with the condition, and form whom you have received treatment for the condition.

## RESPONSE TO INTERROGATORY NO. 14

Subject to and without waiver of the foregoing General Objections, Haney states that as a result of the injury he sustained at the Marriott that he has not aggravated a pre-existing condition.

10

## INTERROGATORY NO. 15

If, as a result of any injuries sustained in the occurrence, you were unable to perform any of your normal and usual functions, including those at work, or had to be absent from you employment, state the dates for which you were unable to perform each such function and/or had to be absent from your employment.

## RESPONSE TO INTERROGATORY NO. 15

Subject to and without waiver of the foregoing General Objections, Haney states that as a result of the injuries sustained at the Marriott, Mr. Haney did not work from the date of the accident until in or about December 2003 and was unable to perform work on 1/7, 3/24, and 5/19 in 2004, as a result of doctor appointments relating to the injury he sustained at the Marriott.

## INTERROGATORY NO. 16

Itemize specifically all special damages which you contend relate to the occurrence including but not limited to claimed expenses for hospital and medical care, medicines, transportation and appliances, and for each such expense indicate the amount, if any, which has been paid and by whom (e.g. the name of an insurance company).

## RESPONSE TO INTERROGATORY NO. 16

Haney objects to this Interrogatory on the grounds that it is overly broad, and unduly burdensome. Haney also objects to this Interrogatory to the extent that it seeks information that is not relevant to the subject matter involved in the pending action, nor is it reasonably calculated to lead to the discovery of relevant admissible evidence. Haney further objects to this Interrogatory to the extent that it calls for the identification and/or production of confidential and/or proprietary business information. Subject to and without waiver of the foregoing General and Specific Objections, Haney states that all information he is currently in possession of pertaining to medical expenses associated with his injury as a result of his fall at the Marriott are summarized in Exhibit 1 attached hereto.

## INTERROGATORY NO. 17

Disclose specifically the amount of lost earning claimed in this lawsuit and the method of computation of such lost earnings, including the amount of time lost from your employment and the rate of pay for the time lost.

## RESPONSE TO INTERROGATORY NO. 17

Subject to and without waiver of the foregoing General Objections, Haney states that he is without certain information to be able to form a basis for the information sought and will supplement his response upon receipt of such information.

## INTERROGATORY NO. 18

If you are making a claim for lost wages, disclose the gross income which you personally reported to the Internal Revenue Service for the three years prior to the occurrence and all years subsequent thereto.

## RESPONSE TO INTERROGATORY NO. 18

Subject to and without waiver of the foregoing General Objections, Haney states that he is without certain information to be able to form a basis for the information sought and will supplement his response upon receipt of such information.

## INTERROGATORY NO. 19

Disclose the names, addresses and qualification of each person whom you intend to call as an expert witness at the trial of this case and, in each instance, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each of the expected opinions.

## RESPONSE TO INTERROGATORY NO. 19

Subject to and without waiver of the foregoing General Objections, Haney states that he has not designated an expert witness as of yet and expressly reserves the right to supplement this discovery response upon identification of such expert.

12

## INTERROGATORY NO. 20

If the defendant or any employee of the defendant has made either an oral or written statement to you regarding the occurrence, state the substance of each such statement, when the person made the statement and who was present when he/she made the statement.

## RESPONSE TO INTERROGATORY NO. 20

Subject to and without waiver of the foregoing General and Specific Objections, Haney states that he was informed by the Director of Operations at the Marriott, Mr. Tim Fletcher, that he should seek medical assistance from The George Washington University Hospital and that the Marriott would pay for his treatment. Mr. Haney also received a letter dated November 18, 2002 from Tim Fletcher apologizing for Marriott's improper response to Mr. Haney's request for medical attention. Mr. Haney also received written communications from Mark Bicocchi, the claims adjuster for the Marriott. Mr. Bicocchi sent Mr. Haney a letter dated November 15, 2002 regarding his claim. Mr. Bicocchi sent Mr. Haney a letter dated December 20, 2002, again looking to address Mr. Haney's questions or concerns. Mr. Bicocchi sent a letter and attached release and settlement proposal to Mr. Haney dated January 16, 2003. Mr. Haney received correspondence dated March 24, 2003 and July 18, 2003 from Mr. Bicocchi, the content of which was similar to Mr. Bicocchi's letter dated January 16, 2003.

## INTERROGATORY NO. 21

Give a full description of any injury or damage which you claim you sustained to your feelings as a result of the occurrence, including but not limited to distress, anguish and humiliation, including in your answer the nature, extent and duration of such injury or damage, and the treatment, if any, you received for such injury or damage.

## RESPONSE TO INTERROGATORY NO. 20

Subject to and without waiver of the foregoing General Objections, Haney states that he has not sustained emotional damage as a result of the incident at the Marriott.

13

## INTERROGATORY NO. 22

If you had consumed drugs or alcohol within twenty-four (24) hours of the occurrence, state what drugs or alcohol you consumed, the time of such consumption and the amount of such consumption.

## RESPONSE TO INTERROGATORY NO. 22

Haney objects to this Interrogatory to the extent that it seeks information that is not relevant to the subject matter involved in the pending action, nor is it reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiver of the foregoing General and Specific Objections, Haney states that he consumed at most two glasses of wine within the twenty-four hours before the incident and all daily dosages of diabetic medicines.

## INTERROGATORY NO. 23

If you filed a claim for workers' compensation benefits for injuries allegedly sustained as a result of the occurrence, give an itemized statement of all benefits received including dates of receipt, and if there was an order for benefits and/or a settlement made, the date of such order and/or settlement.

## RESPONSE TO INTERROGATORY NO. 23

Subject to and without waiver of the foregoing General Objections, Haney states that he has not filed a claim for workers' compensation benefits as a result of the occurrence at the Marriott.

## OBJECTIONS AS NOTED:

Dated: May 22, 2006

Respectfully submitted,

*/s/ Monica E. Monroe*
Frederick A. Douglas, Bar No. 197897
Monica E. Monroe, Bar No. 473589

**DOUGLAS & BOYKIN** PLLC
1401 "EYE" Street, N.W.
Suite 310
Washington, DC 20005-3966
Telephone:   202-842-1800
Facsimile:    202-842-1829

14

I solemnly affirm under the penalties of perjury that based upon my personal knowledge, and/or the information accessible to me in my official capacity, that the contents of the foregoing are true and correct.

Dated:                                  May 22, 2006

*Enoch Kelly Haney*

15