**DEFENDANT'S EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENOCH KELLY HANEY                                :

    Plaintiff,                                          :

v.                                                             :     Case No.: 1:05-cv-02501-JDB

MARRIOTT INTERNATIONAL, INC.         :

    Defendants,                                      :

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

I, Alida Kodjanian, being first duly sworn on oath depose and say that the following Answers to Interrogatories are true and correct according to the best of my knowledge, information and belief.

Affiant, however, does not have personal knowledge of all the facts and information provided, such having been obtained from multiple sources, records, discovery and counsel. Such was done at the request of counsel and with the understanding that the applicable rules do require signature of a representative of defendant.

    Interrogatory 1:    Identify and describe all communications, oral or written, between you and any employee or Agent of Marriott, or between you and any other persons, relating to Plaintiff's stay at the Marriott Metro Center in November 2002 for the period of November 10, 2002 to present.

    ANSWER:    **Objection. Interrogatory number one is not calculated to lead to the discovery of admissible evidence. Without waiving the same, please see the attached Incident Report.**

    Interrogatory 2:    Identify and describe all communications between Mr. Haney and Mr. Johnnie Lee Rogers.

| | |
|---|---|
| ANSWER: | **Objection. Interrogatory number two is not calculated to lead to the discovery of admissible evidence. Without waiving the same, please see the attached Incident Report.** |
| Interrogatory 3: | Identify and describe all communications between Mr. Haney and Mr. Tim Fletcher. |
| ANSWER: | **Objection. Interrogatory number three is not calculated to lead to the discovery of admissible evidence.** |
| Interrogatory 4: | Identify and describe all communications between Mr. Haney and Mr. Mark Biocchi. |
| ANSWER: | **Objection. Interrogatory number four is not calculated to lead to the discovery of admissible evidence.** |
| Interrogatory 5: | Identify all communications, oral or written, between you and any employee or Agent of Marriott, or between You and any other persons, which refer or relate to repair work or changes made to the bathrooms in the hotel rooms at the Marriott Metro Center for the period of November 2000 - present. |
| ANSWER: | **Objection. Interrogatory number five is overly broad and not calculated to lead to the discovery of admissible evidence. Without waiving the same, there has been no repair work or changes to Mr. Haney's bathroom.** |
| Interrogatory 6: | If repair work or changes made to the bathrooms in the hotel rooms at the Marriott Metro Center for the period of November 2000 - present, identify when and why such changes were made. |
| ANSWER: | **Objection. Interrogatory number six is overly broad and not calculated to lead to the discovery of admissible evidence. Without waiving the same, none.** |
| Interrogatory 7: | Identify all communications, oral or written between you and any employee or agent of Marriott, or between any employees or you and any other persons, relating to the condition of the tub in the bathroom occupied by Plaintiff during his stay at the Marriott Metro Center in November 2002. |

| | |
|---|---|
| ANSWER: | **Objection. Interrogatory number seven is not calculated to lead to the discovery of admissible evidence. Without waiving the same, please see the attached housekeeping documents.** |
| Interrogatory 8: | Identify and describe in detail when and how Mr. Haney's room was cleaned on November 12, 2002. |
| ANSWER: | **Objection. Interrogatory number eight is not calculated to lead to the discovery of admissible evidence. Without waiving the same, please see attached housekeeping documents.** |
| Interrogatory 9: | Describe in detail and with specificity the condition and nature of the bath tub and/or shower on November 12, 2002. |
| ANSWER: | **The condition of the tub met all applicable standards. When the tub was initially purchased from the manufacturer non-slip strips were embedded in the porcelain.** |
| Interrogatory 10: | Describe in detail and with specificity the current condition and nature of the bath tub and/or shower used by Mr. Haney on November 12, 2002. |
| ANSWER: | **Objection. Interrogatory number ten is not calculated to lead to the discovery of admissible evidence. Without waiving the same, the condition of the tub meets all applicable standards.** |
| Interrogatory 11: | Explain in detail and the basis for any changes to the condition and nature of the bath tub from November 12, 2002 to present. |
| ANSWER: | **Objection. Interrogatory number eleven is not calculated to lead to the discovery of admissible evidence. Without waiving the same, there have been no changes made to the tub in question.** |
| Interrogatory 12: | Identify and describe in detail how you and any employee or Agent of Marriott was first made aware that Mr. Haney fell in the bathroom of his hotel room at the Marriott Metro Center in November 2002. |
| ANSWER: | **The incident was reported by an associate of Mr. Haney.** |

Interrogatory 13:   Identify and describe in detail how you and any employee or agent of Marriott responded to finding out that Mr. Haney fell in the bathroom of his hotel room at the Marriott Metro Center in November 2002.

ANSWER:   **The incident was reported to Loss Prevention after it was determined that Mr. Haney did not need emergency assitance.**

Interrogatory 14:   Explain in detail the basis of and all facts supporting your contention, if you so contend, that "Plaintiff's injuries or damages, if any, were caused by person, persons or entities over whom this defendant had no control or right of control."

ANSWER:   **This answer will be supplemented pending the development of relevant information through discovery.**

Interrogatory 15:   Explain in detail the basis of and all facts supporting your contention, if you so contend, that "Plaintiffs" injuries or damages, if any, were caused by his own sole contributory negligence and/or he assumed the risks incident to his behavior."

ANSWER:   **This answer will be supplemented pending the development of relevant information through discovery.**

Interrogatory 16:   Explain in detail the basis of and all facts supporting your contention, if you so contend, that the Marriott properly responded once it was notified that Mr. Haney slipped and fell in his hotel room on November 12, 2002.

ANSWER:   **Objection. Interrogatory number five is not calculated to lead to the discovery of admissible evidence. Without waiving the same, please see Answer to Interrogatory number thirteen.**

Interrogatory 17:   Explain in detail the manner in which the Marriott responds to notification that a guest or person on the premises has slipped and fell.

ANSWER:   **Any incident is reported to Loss Prevention. Loss Prevention will then commence an investigation.**

Interrogatory 18:   Explain in detail Marriott's response to Mr. Haney's request for medical attention.

ANSWER:   **The incident was reported to the Defendant, however there was not a request for an ambulance or immediate assitance.**

Interrogatory 19:   Explain in detail Marriott's investigation and findings regarding Mr. Haney's fall at the Marriott Metro Center in November 2002.

ANSWER:   **Marriott's investigation determined that the tub in question met all applicable standards.**

Interrogatory 20:   If any of your responses to any Request contained in Plaintiff's Request for Admissions to Defendant Marriott is anything other than an unqualified admission, please describe in full detail the basis for such response.

ANSWER:   **Objection. Interrogatory number twenty is overly broad and not required by the Federal Rules of Civil Procedure.**

Interrogatory 21:   Identify all communications, oral or written, between you and any employee or agent of the Marriott which refer or relate to Mr. Haney.

ANSWER:   **Objection. Interrogatory number twenty-one is not calculated to lead to the discovery of admissible evidence. Without waiving the same, please see the attached Incident Report.**

Interrogatory 22:   Identify all documents relating to Mr. Haney and his stay at the Marriott Metro Center in November 2002.

ANSWER:   **Objection. Interrogatory number twenty-two is not calculated to lead to the discovery of admissible evidence. Without waiving the same, please see the attached Incident Report and billing information.**

Interrogatory 23:   Identify all documents relating to the litigation.

ANSWER:   **Objection. Interrogatory number twenty three is overly broad.**

Interrogatory 24:    Identify any and all documents relating to, whether in whoe or in part, your answers to Interrogatories Nos. 1-21.

ANSWER:    **All referenced documents are enclosed.**

    I, Alida Kodjanian, hereby affirm that the foregoing Answers to Plaintiff's Interrogatories are true and correct to the best of my personal knowledge, information and belief.

                                                        _____
                                                        Alida Kodjanian

MACLEAY, LYNCH, GREGG & LYNCH, P.C.

By: _____
Robert P. Lynch, Esq.
Suite 802
1629 K Street, NW
Washington, D.C. 20006
(202) 785-0123
Attorneys for Defendant,
Marriott International, Inc.

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, first-class postage prepaid, this 18th day of December, 2006, to:

Frederick A. Douglas, Esq.
Monica E. Monroe, Esq.
DOUGLAS & BOYKIN PLLC
1401 Eye Street, NW
Suite 310
Washington, DC 20005
Attorney for Plaintiff

_____
Robert P. Lynch, Esq.