### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENOCH KELLY HANEY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:05-cv-02501-JDB-** |
| ) | **JMF** |
| ) | **Judge: John D. Bates** |
| **MARRIOTT INTERNATIONAL, INC.** ) | **Deck Type: Personal Injury** |
| ) | |
| **Defendant.** ) | |
| ) | |

### MOTION TO STRIKE THE REPORT OF PLAINTIFF'S EXPERT WITNESS, OR IN THE ALTERNATIVE, FOR LEAVE TO DEPOSE DEFENDANT'S EXPERT WITNESS AND DESIGNATE A REBUTTAL EXPERT

COMES NOW Plaintiff, Enoch Kelly Haney ("Plaintiff" or "Mr. Haney"), through undersigned counsel, and requests an Order to Strike the report of Fawzi P. Bayan, C.S.P. ("Mr. Bayan") and preclude him from testifying as an expert witness in this matter or in the alternative, Plaintiff requests leave to depose Mr. Bayan outside the period of discovery and designate a rebuttal expert witness. As set forth in the attached Memorandum of Points and Authorities, Defendant failed to produce Mr. Bayan's report until the final day of the discovery period, thereby prejudicing Plaintiff's ability to inquire of Mr. Bayan's qualifications or otherwise inquire of his opinions and the bases thereof. Furthermore, Defendant's expert report does not include information conforming to the requirements of Federal Rule of Civil Procedure 26(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court strike Fawzi P. Bayan's report or, in the alternative, grant Plaintiff leave to depose Mr. Bayan outside the period of discovery and designate a rebuttal expert witness.

Dated: April 19, 2007                    Respectfully Submitted,

                                         /s/ Robert L. Dillard

                                         _____
                                         Frederick A. Douglas, Bar No. 197897
                                         Robert L. Dillard, Bar No. 492948
                                         DOUGLAS & BOYKIN PLLC
                                         1850M Street, NW
                                         Suite 640
                                         Washington, DC  20036
                                         Telephone:    202-776-0370
                                         Facsimile:    202-776-0975
                                         *Counsel for Plaintiff, Enoch Kelly Haney*


### CERTIFICATION REGARDING CONSENT

        I HEREBY CERTIFY that on April 17, 2007, I sought consent to the relief

requested and was not able to obtain such consent.

                                         /s/ Robert L. Dillard

                                         _____
                                         Robert L. Dillard


### CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing was delivered by electronic service,

this 19th day of April, 2007, to:


        Mr. Robert P. Lynch, Esq.
        1629 K Street, NW
        Suite 802
        Washington, DC 20006
        *Counsel for Defendant*

                                         /s/ Robert L. Dillard

                                         _____
                                         Robert L. Dillard


                                    2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ENOCH KELLY HANEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:05-cv-02501-JDB-** |
| ) | **JMF** |
| ) | **Judge: John D. Bates** |
| **MARRIOTT INTERNATIONAL, INC.** ) | **Deck Type: Personal Injury** |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION TO STRIKE THE REPORT OF PLAINTIFF'S
EXPERT WITNESS, OR IN THE ALTERNATIVE, FOR LEAVE TO DEPOSE
DEFENDANT'S EXPERT WITNESS AND DESIGNATE A REBUTTAL EXPERT**

Plaintiff, Enoch Kelly Haney (hereinafter "Mr. Haney" or "Plaintiff") hereby submits this Memorandum in support of his Motion to Strike the Report of Plaintiff's Expert Witness, or in the Alternative, for Leave to Depose Defendant's Expert Witness and Designate Rebuttal Expert.  As is more fully argued below, the report should be stricken for several reasons: (i) Defendant has not complied with the disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure; and (ii) Defendant delayed production of its expert report until after the close of discovery.  If the court declines to strike the report, in the alternative, Plaintiff requests that the court grant leave to Plaintiff to depose Defendant's expert outside the prescribed period of discovery, and further, grant leave for Plaintiff to designate a rebuttal expert witness for the reasons set forth herein.

## I.    **BACKGROUND/INTRO**

On December 19, 2006, at a status conference, the court issued an amended scheduling order requiring that discovery be completed by February 20, 2007. Subsequent to this court's Order, on or about January 3, 2007, Defendant, filed its Amended Disclosures Under Rule 26(a)(2), designating Fawzi P. Bayan as one of three potential experts Defendant reserved the right to call at trial. The disclosure statement did not include Mr. Bayan's report, nor did it include a complete description of his qualifications concerning the area in which he was expected to testify.

By letter dated February 20, 2007, Defendant mailed Mr. Bayan's report entitled "Haney v. Marriott Fall Analysis", to counsel's office. *See* Letter, dated February 20, 2007, from Robert P. Lynch, Esq. to Robert L. Dillard, Esq. attached hereto as Exhibit # 1. The report mailed to Plaintiff's counsel did not arrive until Friday, February 23, 2007. In the report, Mr. Bayan opines with respect to certain aspects of Plaintiff's claims, and further asserts conclusions relating to the ultimate issue in this case.

On April 6, 2007, Defendant filed a Motion for Summary Judgment. In its Motion, Defendant relies on the opinion of Mr. Bayan in attempting to establish that the bathtub at issue in this matter was not defective or in an unsafe condition at the time of Mr. Haney's accident on November 12, 2002. As a result, Defendant concludes that it did not breach its duty of care with respect to Mr. Haney and therefore could not have acted negligently. Defendant offered no reason to explain the late filed report, and further, when asked if his expert could be deposed to inquire of his opinions, refused to agree. Plaintiff respectfully opposes Defendant's eleventh hour attempt to shield his expert's opinion from disclosure after the close of discovery. Moreover, Plaintiff objects

to the report inasmuch as at this late juncture, Defendant has failed to disclose all of the

information required under Federal Rule of Civil Procedure 26(a)(2)(B) governing expert

testimony.  Such a failure to disclose its expert's qualifications unduly prejudices

Plaintiff's ability to challenge the assertions made in Defendant's Motion for Summary

Judgment, and prejudices Plaintiff's and this Court's ability to weigh the value of Mr.

Bayan's proposed testimony.

## II.    ARGUMENT

### A.    Marriott International has Failed to Provide all of the Information Required by the Federal Rules of Civil Procedure Governing Disclosure of Expert Testimony

Marriott International has failed to comply with the Federal Rule of Civil

Procedure ("FRCP") governing expert witness disclosures, and has unduly prejudiced

Plaintiff's ability to determine Fawzi Bayan's qualifications as an expert witness or to

weigh the veracity of his opinion concerning the condition of the bathtub at issue in this

matter.  As a result, Plaintiff requests that he be granted leave to depose Mr. Bayan

outside the period for discovery and designate a rebuttal expert prior to responding to Mr.

Bayan's opinions, both in Defendant's Motion for Summary Judgment and at trial.

Federal Rule of Civil Procedure 26(a)(2)(A) governing the disclosure of expert

testimony requires that a party disclose any person who may be used at trial to present

evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Furthermore,

Rule 26(a)(2)(B) requires the party offering expert witness testimony to include an expert

report along with the disclosure of the identity of the witness.

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; **any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of**

**all publications authored by the witness the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by the deposition within the preceding four years.**

Federal Rule of Civil Procedure 26(a)(2)(B) [emphasis added]

By the terms of Rule 26(a)(2)(B), such disclosures are automatically required and Plaintiff need not demand them from Defendant. Indeed, the failure to disclose a report meeting the requirements of Rule 26(a)(2)(B) may preclude that witness from testifying altogether. *See* Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29 (1st Cir. 2001); Pena-Crespo v. Puerto Rico, 408 F.3d 10 (1st Cir. 2005).

FRCP 37(c)(1) provides that where a party fails to disclose information required by Rule 26(a), that party is not allowed to use the non-disclosed information or witness in trial, a hearing, or in a motion unless the failure was substantially justified or harmless. *See*, Ortiz-Lopez, 248 F.3d at 33. Moreover, as in the case of Defendant's expert report, a party's failure to make disclosures in a timely fashion is equivalent to a failure make the disclosure at all. *See* Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995). Upon review of the Court's Scheduling Order and the date of submission of Defendant's expert report, it is clear that Mr. Bayan's report is woefully inadequate to comply with the requirements of FRCP 26(a)(2)(B), and that its last-minute disclosure on the final day of discovery is equivalent to a failure to disclose it at all.

In the instant matter, neither Defendant's Amended Disclosures Under Rule 26(a)(2) nor Mr. Bayan's expert report complied with the rules governing disclosure of expert witness testimony. In its disclosure statement, Defendant provided Plaintiff with Mr. Bayan's name, profession, address, and expected area of testimony. In his expert

6

report, Mr. Bayan clearly failed to note his qualifications, any exhibits he may use in his

testimony, a listing of all of his publications for the preceding ten years, a listing of all

other cases in which he has testified as an expert witness, and the compensation he was

paid for his study and analysis.  The failure to disclose such information prior to relying

upon it in a dispositive motion or trial clearly prejudices the ability of Plaintiff in

responding to the substance of his opinions and his qualification as an expert witness in

this matter. *See* Ortiz-Lopez, 248 F.3d at 35 ("Failure to include information concerning

the retained expert that is specifically required by Rule 26(a)(2)(B) – such as "a listing of

any other cases in which the witness has testified as an expert at trial or by deposition

within the preceding [four] years", see Rule 26(a)(2)(B) -- frustrates the purpose of

candid and cost-efficient expert discovery.")  Where, as here, Plaintiff has not been

provided with the required disclosures prior to Plaintiff filing its Motion for Summary

Judgment, Defendant must be precluded from offering or relying upon Mr. Bayan's

opinions, or Plaintiff must be afforded the opportunity to depose Mr. Bayan and

designate a rebuttal expert despite the completion of the period for discovery in this

matter.

> **B.      Marriott International has Unduly Prejudiced Plaintiff by Delaying
> the Disclosure of its Expert Report until the Final Day of Discovery**

As a result of Defendant delaying its disclosure of Mr. Bayan's report until after

the close of discovery, Plaintiff has been prevented from deposing Mr. Bayan during the

discovery period.   The inability of Mr. Haney to depose Mr. Bayan on the conclusions

and basis of his report has unduly prejudiced Plaintiff's ability to respond to its

assertions, either in his Opposition to Defendant's Motion for Summary Judgment or at

trial.

As noted above, following a Status Conference on the same day, this Court issued a Scheduling Order on December 19, 2007, requiring that discovery close on February 20, 2007. Following the Order, Defendant filed its Amended Disclosures Under Rule 26(a)(2), noting Fawzi P. Bayan. as a potential expert witness, along with David C. Johnson, M.D. and Julius Pereira, III. Defendant had not provided Plaintiff with any expert reports or any other disclosures required by Federal Rule 26(a)(2)(B) prior its filing of the amended disclosure statement. It was not until February 20, 2007, following a Status Conference before this Court coinciding with the closing date of all discovery, that Defendant provided Plaintiff with Mr. Bayan's report detailing his analysis and conclusions.[1] Where Defendant exclusively relies upon Mr. Bayan's opinion in attempting to opine on the ultimate issue in this case, such a late disclosure is clearly not "harmless" and most certainly prejudices Plaintiff's ability to challenge Defendant's assertions.

Defendant's late submission of Mr. Bayan's report has effectively precluded Mr. Haney from deposing him on his opinion and its conclusions. Moreover, as discussed above, the disclosure itself was insufficient in meeting the requirements of FRCP 26(a)(2)(B). In the alternative, although Plaintiff has noted that such an insufficient disclosure is grounds for the Court to strike Mr. Bayan's testimony, Plaintiff contends that it would be in the interests of the administration of justice to permit Plaintiff the opportunity to depose Mr. Bayan outside the period of discovery following the supplementation of Defendant's disclosures, and designate a rebuttal expert if needed. As a trial date for this matter has not been scheduled and the parties would not be

[1] To date, Mr. Bayan's report is the only one that Defendant has provided to Plaintiff. In light of this fact, Defendant, presumably, does not intend to offer the testimony of Messrs. Johnson or Pereira as experts in this matter.

prevented from proceeding with the Settlement Conference on May 3, 2007, such an allowance will best serve the interests of the fair administration of justice, and will neither unduly prejudice Defendant nor substantially delay the proceedings.

### CONCLUSION

For the aforementioned reasons, Plaintiff requests that this court strike the opinions of Fawzi P. Bayan or, in the alternative, grant him leave to depose Defendant's expert witness outside of the time allowed for discovery, and designate a rebuttal witness.

Dated: April 19, 2007                     Respectfully Submitted,

                                          /s/ Robert L. Dillard
                                          _____
                                          Frederick A. Douglas, Bar No. 197897
                                          Robert L. Dillard, Bar No. 492948
                                          DOUGLAS & BOYKIN PLLC
                                          1850M Street, NW
                                          Suite 640
                                          Washington, DC  20036
                                          Telephone:      202-842-1800
                                          Facsimile:      202-842-1829
                                          *Counsel for Plaintiff, Enoch Kelly Haney*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was delivered by electronic mail, this

19th day of April, 2007, to:

Mr. Robert P. Lynch, Esq.
1629 K Street, NW
Suite 802
Washington, DC 20006
*Counsel for Defendant*

/s/ Robert L. Dillard

_____

Robert L. Dillard