IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENOCH KELLY HANEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02501-JDB-JMF |
| ) | Judge: John D. Bates |
| MARRIOTT INTERNATIONAL, INC. ) | Deck Type: Personal Injury |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Enoch Kelly Haney ("Mr. Haney" or "Plaintiff"), through undersigned counsel, in opposition to Defendant's Motion for Summary Judgment. As set forth in the attached Memorandum of Points and Authorities, Defendant is unable to show that a material fact does not exist concerning whether the bathtub at issue was in an unreasonably safe condition at the time of the accident. In further support of its Opposition, Mr. Haney submits the attached Memorandum of Points and Authorities and supporting exhibits.

WHEREFORE, Enoch Kelly Haney requests this Court enter an Order denying Defendant's Motion for Summary Judgment and grant such other and further relief as it may deem just and proper.

[SIGNATURE PAGE FOLLOWS]

Dated: June 7, 2007                              Respectfully Submitted,

/s/ Robert L. Dillard

_____
Frederick A. Douglas, Bar No. 197897
Robert L. Dillard, Bar No. 492948
DOUGLAS & BOYKIN PLLC
1850 M Street, NW
Suite 640
Washington, DC 20036
Telephone:  202-776-0370
Facsimile:  202-776-0975
*Counsel for Plaintiff, Enoch Kelly Haney*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered by electronic service, this 7th day of June, 2007, to:

Mr. Robert P. Lynch, Esq.
1629 K Street, N.W.
Suite 802
Washington, DC 20006
*Counsel for Defendant*

/s/ Robert L. Dillard

_____
Robert L. Dillard

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENOCH KELLY HANEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02501-JDB-JMF |
| ) | Judge: John D. Bates |
| MARRIOTT INTERNATIONAL, INC. ) | Deck Type: Personal Injury |
| ) | |
| Defendant. ) | |

**STATEMENT OF DISPUTED MATERIAL FACTS**

Pursuant to Local Rule LcvR 7(h), Plaintiff submits the following statement of material facts as to which there is a genuine issue necessary to be litigated:

I. **Material Facts Not in Dispute**

1. No dispute.
2. No dispute
3. No dispute
4. No dispute
5. No dispute
6. No dispute
7. No dispute
8. No dispute
9. No dispute
11. No dispute

II. **Material Facts in Dispute**

3

10. The bathtub was not equipped with slip resistant surface treatment on the date of the accident on November 12, 2002. (*See* Exhibit 2, Defendant's Motion for Summary Judgment at p.7).

12. The bathtub did not meet industry standards for traction and slip resistance at the time of the accident on November 12, 2002. (*See* Exhibit 2, Defendant's Motion for Summary Judgment at p.7).

13. The bathtub Mr. Haney used on November 12, 2002 was not safe for normal use and was the cause of his fall resulting in his injuries. (*See* Exhibit 2, Defendant's Motion for Summary Judgment at p.7).

14. The traction on the surface of the bathtub is no longer in the same condition it was on the date of accident on November 12, 2002. (*See* Exhibit 2, Defendant's Motion for Summary Judgment at p. 7).

Dated: June 7, 2007

Respectfully Submitted,

/s/ Robert L. Dillard
_____
Frederick A. Douglas, Bar No. 197897
Robert L. Dillard, Bar No. 492948
DOUGLAS & BOYKIN PLLC
1850 M Street, NW
Suite 640
Washington, DC 20036
Telephone:   202-776-0370
Facsimile:    202-776-0975
*Counsel for Plaintiff, Enoch Kelly Haney*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered by electronic service, this 7th day of June, 2007, to:

Mr. Robert P. Lynch, Esq.
1629 K Street, N.W.
Suite 802
Washington, DC 20006
*Counsel for Defendant*

/s/ Robert L. Dillard
_____
Robert L. Dillard

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENOCH KELLY HANEY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02501-JDB- |
| ) | JMF |
| ) | Judge: John D. Bates |
| **MARRIOTT INTERNATIONAL, INC.** ) | Deck Type: Personal Injury |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

Plaintiff, Enoch Kelly Haney (hereinafter "Mr. Haney" or "Plaintiff") submits the following memorandum of points and authorities in support of its motion for summary judgment:

Introduction

On November 12, 2002, Mr. Haney was a guest at the Marriott Metro Center located in Washington, DC. While stepping into the shower on the afternoon of the twelfth, Mr. Haney slipped and fell in the bathtub of his guestroom as a result of insufficient traction on the bathtub's surface. He suffered serious injury to his left shoulder preventing him from performing his professional duties and causing a loss of income. Furthermore, Mr. Haney was forced to endure extensive medical treatment, including surgery and physical therapy, and incur significant medical expenses.

Defendant's argument that Marriott met its obligation to exercise "ordinary care" to keep the premises reasonably safe is wholly unsupported by any controlling authority

applicable in the District of Columbia. Moreover, Defendant's Motion relies upon an analysis of the bathtub at issue by its expert witness that is clearly conclusory in nature and is insufficiently supported by conclusions derived from conversations with hotel employees more than four years after the date of the accident. In moving for summary judgment in this matter, Defendant ignores the clear issues of material fact that exist for trial and must be considered by a trier of fact.

Finally, Defendant's claim that Mr. Haney cannot prove the existence of a contract and a breach of said contract is wholly without merit. Mr. Haney accepted Defendant's offer to pay for his medical expenses should he decide to seek treatment. In reliance upon that agreement, Mr. Haney incurred a significant detriment in the form of medical costs while proceeding with treatment for the injury he sustained to his arm and shoulder. In consideration of the parties' agreement upon which Mr. Haney relied, Defendant must not be permitted to avoid responsibility for their promise to reimburse him for his costs.

## Argument

**A.   Defendant's Expert Report fails to establish that the bathtub was not defective on the date of the accident.**

Defendant's expert claims that the bathtub Mr. Haney used during his stay at the Marriott hotel, including the day of his fall, could not have been the cause of his fall because it was equipped with the original slip-resistant surface treatment. In his cross examination, however, Defendant's expert opinion is revealed as conclusory, and unsupported by reliable evidence.

Mr. Bayan's opinion is faulty for a number of reasons. First, the opinion does not establish the condition of the bathtub at the time of the fall; rather, the opinion is the result of an inspection he performed some number of years after Mr. Haney fell. Mr. Bayan also failed to review any records in forming his opinion. For instance, prior to his examination of the bathtub Mr. Bayan merely had a conversation with a person he believed was the "director of maintenance", a "safety person" and a member of the cleaning crew who happened to be at the hotel on the date of his inspection several years after the accident. (Exhibit 1 at 76). The subject of these conversations included whether the bathtub had been changed since the date of the accident. From his conversation with an unidentified member of the maintenance staff, he concluded that the bathtub had not been changed in any way since the date of the accident. Furthermore, his conversation with a member of the housekeeping staff led him to conclude that the procedure used to clean the tub, including the use of a "typical commercial cleaner,"[1] was appropriate. Without explanation, Mr. Bayan failed to review any records relating to the date of Mr. Haney's fall indicating how the room was cleaned, including what types of products were used to clean the bathtub. (Exhibit 1 at 145). Moreover, Bayan made no attempt to inquire whether any member of the cleaning crew he interviewed was at the hotel on the date of Mr. Haney's accident. (Exhibit 1 at 79). Mr. Bayan does not know whether an abrasive cleaning product has been used to clean the tub at any time since the date of the accident, but concedes that such a product can alter the traction of its surface. (Exhibit 1 at 146) Mr. Bayan draws his conclusions regarding the methods and products used to

---

[1] During his testimony, Mr. Bayan could not recall the brand or type of cleaning product the housekeeping staff member told him she used to clean the bathtubs. When asked whether the product was an abrasive, he responded that it was a "window-type cleaning product." (Exhibit 1 at 145)

8

clean and maintain the bathtub solely from his hallway conversations, more than four years later, with a cleaning crew member.

In further objection to his opinion, Plaintiff asserts that Mr. Bayan relies upon an outdated, withdrawn safety standard in forming his opinion that the surface of the bathtub met safety standards. In his analysis of the tub, Mr. Bayan relies upon the results of two testing procedures recognized by the National Bureau of Standards for testing methodology with respect to bathing surfaces, ASTM F-462 and ASTM F-1678. ASTM withdrew its support for F-1678 as an acceptable testing methodology prior to Mr. Bayan's analysis of the tub and expert report. Despite this fact, Mr. Bayan, who is a member of the ASTM and presumably would be aware that the standard was withdrawn, still lists the standard as one of the methods relied upon in forming his opinion. (Exhibit 1 at 93-94).

Moreover, Mr. Bayan conceded that his analysis did not include the entire bathtub, limiting its usefulness in assessing the traction in areas of the tub. The machine he used during his tests could not examine the curved portion extending between the wall of the tub and its floor. Therefore, Mr. Bayan's opinion should be disregarded inasmuch as the test does not assess all surface areas of the tub, in particular the area not covered by abrasive strips. (Exhibit 1 at 124-125). By his own admission, Bayan's tests only apply to a limited area of the tub where there are abrasive strips and "nowhere else." (Exhibit 1 at 126). Without any testing of the surface of the bathtub that is not covered by a slip-resistant surface, Mr. Bayan's analysis is inconclusive to establish that the entire usable surface area of the bathtub met the requirements for traction and slip-resistance on the

date of the accident. It is therefore, speculative for Bayan to conclude that the tub "did not cause Mr. Haney's fall."

**B.    A question of material facts exists as to whether the bathtub was safe for use at the time of the accident.**

Defendant claims that the absence of prior reported accidents involving the bathtub in Mr. Haney's guest room is evidence of Defendant's exercise of ordinary care to keep the premises sage. However, the absence of previous accidents involving the tub at issue is far from conclusive that Marriott exercised due care. Indeed, "evidence that no prior accident has occurred no more raises a conclusive presumption of due care, than evidence of a prior accident conclusively establishes negligence. " Hilleary v. Earle Restaurant, Inc.. 109 F.Supp. 829, 836 (D.D.C. 1952) (cited by Hines v. Safeway Stores, Inc., 379 A.2d 1174 (D.C. 1978))

In Hilleary, where a restaurant patron slipped and fell on a muddy and damp tiled entranceway adjacent to a sidewalk, evidence produced at trial included the owner's assertion that approximately 1200 people passed through the doorway each day and there had been no prior accidents. In denying the owner's Motion Notwithstanding the Verdict or for a New Trial, the District Court for the District of Columbia held that such evidence was not a bar to the plaintiff's recovery. Rather, it was merely evidence that the jury may consider in determining the question of negligence. See Hilleary, 109 F.Supp at 837. In the instant case, the absence of a history of prior accidents involving the bathtub is inconclusive of whether the tub was safe for use by hotel guests. Accordingly, such

evidence must be reserved for consideration by a jury in determining the ultimate issue of Defendant's negligence.

Moreover, Mr. Haney's statement that he had faced no difficulties taking showers on previous occasions using the bathtub is inconclusive of whether Defendant had actual or constructive notice of the condition of the tub. Rather, Defendant's own housekeeping records indicate that the guestroom was examined no more than two days prior to the date of the accident. (Exhibit 2 ). The question of whether Defendant had such constructive notice of the tub's condition is one that must be submitted to a jury. In a similar case, Hines v. Safeway Stores, Inc., 379 A.2d 1174 (D.C. 1978), the District of Columbia Court of Appeals considered the issue of whether a shopkeeper had constructive notice of the presence of a pool of liquid on the supermarket floor that caused a patron to fall and injure herself. The court declined to take the question of constructive notice away from the trier of fact and held that such issues are "peculiarly within the province of juries." Id. at 1175. The court also noted that constructive notice "is but a shorthand way of saying that shopkeepers are under a duty to police their premises with enough frequency to prevent the existence of dangerous conditions for unreasonably prolonged period." Id. Likewise, where the condition of the bathtub was made available during the hotel's routine inspection of the premises, a jury must be allowed to consider whether Defendant was under constructive notice of the existence of a potentially dangerous condition for a prolonged period of time.

**C.     Mr. Haney relied upon the Defendant's assurances establishing the existence of a contract.**

Defendant claims that there is no evidence that Mr. Haney offered any consideration in return for Mr. Tim Fletcher's offer to pay his medical expenses. Such a claim is unsupported by the evidence elicited through Mr. Haney's deposition testimony however.

Promissory estoppel is an extension of the basic contract principal that one who makes promises must be required to keep them. Schulz v. City of Longmont, 465 F.3d 433, 438 (10th Cir. 2006). Its elements are: (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise muse be enforced to prevent injustice. Id.

Under the principal of promissory estoppel, even where the promisor does not incur a benefit from the agreement, consideration still exists if the promisee agrees to incur a detriment or disadvantage. See Green v. Jackson National Life Ins. Co., 2006 U.S. App. LEXIS 21239 (6th Cir. 2006); Snider Bros., Inc. v. Heft, 317 A.2d 848, 852 (M.D. 1974); Hartford County v. Town of Bel Air, 704 A.2d 421 (M.D. 1998). Under such circumstances, the promise is enforceable when the promisor knows, or should have known, that the promissee would act to his detriment.

On the day following his fall, Mr. Haney spoke with Mr. Tim Fletcher, Director of Operations with the hotel, regarding his accident the previous day. Mr. Fletcher asked Mr. Haney if he wanted to go to the hospital, and assured him that if he did so, the hotel would assume responsibility for the cost. See Exhibit 3, Defendant's Motion for Summary Judgment at p. 23. Mr. Haney accepted that offer and sought treatment at

George Washington University Hospital where he was initially diagnosed with a shoulder strain. Upon returning to his home in Oklahoma, Mr. Haney's condition did not improve and, relying upon his agreement with Defendant, sought an examination and treatment from Dr. Robert German, his primary care physician. Dr. German's examination ultimately revealed a tear in Mr. Haney's rotator cuff, requiring both surgery and physical therapy to prevent progression of the tear. (Exhibit 3)

Mr. Haney reasonably relied upon his agreement with Defendant, thereby incurring additional and significant costs from the medical examination and surgery as well as the physical therapy required to retain normal function of his left arm and shoulder. His actions were reasonable and Defendant should have expected that Mr. Haney would seek whatever medical treatment was necessary to repair the damage to his arm and shoulder. As such, Defendant must not be permitted to breach the parties' agreement that it would reimburse Mr. Haney for the complete costs of his medical expenses.[2]

## Conclusion

Defendant's Motion for Summary Judgment is based on a unpersuasive case law that ignore the clear questions of material fact that must be weighed at trial as well as an unreliable, conclusory expert opinion supported by an insufficient analysis of the bathtub and the procedures for its maintenance. Moreover, Defendant's attempt to evade responsibility for its promise to reimburse Mr. Haney for his medical expenses is without

---

[2] Defendant notes that it offered $300 to cover the cost Mr. Haney's medical expenses, including a bill for $192 from the George Washington University Hospital in Washington, DC. However, as of the date of Mr. Haney's correspondence rejecting Marriott's settlement offer on April 8, 2003, he had already incurred more than $1,200.00 dollars in medical expenses. These costs included examinations in January and February 2003 at the McBride Clinic, Inc. in Oklahoma City, OK and the Seminole Medical Center in Seminole, OK. To date, Mr. Haney's medical expenses, including costs incurred from surgery to repair his rotator cuff and physical therapy, total approximately $23,000. In light of the significant costs Mr. Haney was incurring at the time of Defendant's offer, Mr. Haney's refusal was more than reasonable.

legal merit.  As such, Defendant cannot show that it breached no legal duty to Mr. Haney as a matter of law.

    WHEREFORE, Plaintiff Enoch Kelly Haney, respectfully requests that this Honorable Court deny Marriott International, Inc.'s motion for summary judgment.


Dated: June 7, 2007                                                  Respectfully Submitted,

                                                                   /s/ Robert L. Dillard

                                                                   Frederick A. Douglas, Bar No. 197897
                                                                   Robert L. Dillard, Bar No. 492948
                                                                   DOUGLAS & BOYKIN PLLC
                                                                   1850M Street, NW
                                                                   Suite 640
                                                                   Washington, DC  20036
                                                                   Telephone:     202-776-0370
                                                                   Facsimile:     202-776-0975
                                                                   *Counsel for Plaintiff, Enoch Kelly Haney*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered by electronic service, this 7th day of June, 2007, to:

Mr. Robert P. Lynch, Esq.
1629 K Street, N.W.
Suite 802
Washington, DC 20006
*Counsel for Defendant*

/s/ Robert L. Dillard

_____

Robert L. Dillard