IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENOCH KELLY HANEY        :

    Plaintiff,            :

v.                        :     Case No. 1:05-cv-02501-JDB

MARRIOTT INTERNATIONAL, INC.  :     Judge: John D. Bates
                                                       Deck Type: Personal Injury

    Defendant.            :

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Marriott International, Inc., by and through its attorneys, and hereby submits its reply to Plaintiff's opposition to Defendant's motion for summary judgment:

**Plaintiff's "Disputed" Material Facts**

Plaintiff has disputed four of the material facts submitted by Marriott in its motion for summary judgment. First, Plaintiff claims that the bathtub in question was not equipped with a slip resistant surface treatment on the date of the accident. See Plaintiff's Statement of Disputed Material Facts at ¶10. Next, Plaintiff claims that the bathtub in question "did not meet industry standards for traction and slip resistance at the time of the accident..." See Plaintiff's Statement of Disputed Material Facts at ¶12.[1] Third, Plaintiff indicates that the bathtub in question was not safe for use and was the cause of his fall. See Plaintiff's Statement of Disputed Material Facts at ¶13. Finally, Plaintiff claims that the traction on the surface of the tub is not in the same condition as it was on the date of the accident. See Plaintiff's Statement of Disputed Material Facts at ¶14.

For each of these propositions, Plaintiff cites page 7 of Exhibit 2 to Marriott's motion for summary judgment, Plaintiff's answers to Marriott's interrogatories. In response to Marriott's interrogatory regarding the circumstances of Plaintiff's fall, Plaintiff replied,

---

[1] Plaintiff's statement of disputed material facts is missing paragraph number 11.

"The tub was extremely slippery as the Marriott failed to provide appropriate adhesive strips on the tub." Defendant's Motion for Summary Judgment, Exhibit 2 at p.7. This appears to be the only statement relevant to Plaintiff's theory of causation on the page.

While this statement may state Plaintiff's theory of the case, that theory is unsupported by admissible evidence. Nowhere does Plaintiff cite any actual admissible evidence of negligence. Plaintiff's contention that the tub lacked a slip-resistant surface treatment is without foundation.[2] Likewise, his contention that the tub did not meet industry standards for slip-resistance lacks evidentiary support. The very document he cites as support for this "disputed' material fact does not even mention the relevant industry standards; regardless, Fawzi Bayan, Marriott's expert has opined that it exceeded such standards. See Defendant's Motion for Summary Judgment, Exhibit 4 at p.4. "Conclusory allegations made by the plaintiff are not sufficient to defeat the entry of summary judgment." Galloway v. Safeway Stores, Inc., 632 A.2d 736, 738-39 (D.C. 1993)(citing Beard v. Goodyear Tire & Rubber Co., 587 A.2d 195, 198 (D.C. 1991)).

**Plaintiff Bears the Burden of Proof**

Plaintiff's first argument in support of his opposition to Marriott's motion for summary judgment is that the defense expert's report does not establish that the bathtub was not defective. Though his argument is factually incorrect, he fails to acknowledge that it is not Marriott's burden to show that it was *not* negligent. Rather, it is Plaintiff's burden to prove that Defendant was negligent. See Galloway, 632 A.2d at 738 (where defendant moving for summary judgment shows that plaintiff lacks evidence to support his case, plaintiff has burden of showing that enough factual support exists to create triable issue).

---

[2] In fact, as set forth in Defendant's motion for summary judgment, the Defendant's expert who examined the tub in question stated unequivocally that the tub was equipped with its original surface treatment – and in fact, such treatment is visible in the photos that the expert took. See Defendant's Motion for Summary Judgment, Exhibit 4 at pp. 3-4. Furthermore, at his deposition, Plaintiff stated that he *didn't know* if the tub had any kind of non-skid treatment. See Defendant's Motion for Summary Judgment, Exhibit 1 at p.16.

2

Plaintiff has not provided a scintilla of evidence to show that Marriott was negligent. There is no testimony or documentary evidence that suggests that the bathtub in question was defective. Plaintiff has retained no expert witness to examine the tub as Marriott has done; Plaintiff even admitted in his deposition that he did not notice anything unusual about the surface of the tub. See Defendant's Motion for Summary Judgment, Exhibit 1 at p.16.

**Fawzi Bayan's Opinion is Relevant and Admissible**

Instead of establishing his own case, Plaintiff recites a litany of objections to Mr. Bayan's opinion that the tub was safe. First, Plaintiff complains that Bayan did not examine the bathtub at the time of the alleged fall – rather, Bayan examined it only after Plaintiff filed suit. Leaving aside the impossibility that Bayan could travel back in time to the time of the accident, Plaintiff ignores the fact that it is *he* who must prove that the tub was defective at the time of the fall. Plaintiff has produced no evidence that the bathtub was in a different condition at the time of the fall than at the time of Bayan's examination. Regardless, as Plaintiff points out, Bayan spoke with several people who told him that the tub was unchanged since its installation. See Plaintiff's Opposition at p. 8.

Because an expert witness may rely on otherwise inadmissible evidence to establish his opinion, there is no reason to exclude or otherwise disregard his opinion. See Fed. Rule Evid. 703. Plaintiff has not produced an iota of evidence that the tub was not in the same condition as on the day of his fall or any other fact that supports his theory of liability. Accordingly, Marriott's motion for summary judgment must be granted.

Plaintiff also attacks Bayan's methodology. Plaintiff claims that Bayan relied on an outdated and withdrawn safety standard. See Plaintiff's Opposition at p. 9. Bayan testified, however, that he included the withdrawn standard (ASTM F-1678) because it was information that he "looked at," the equation used in that standard is still valid and that he did NOT rely on it. See Plaintiff's Opposition, Exhibit 1 at pp. 93-96. Rather, he relied on a current standard, ASTM F-462. See Id. at 93. Regardless, Plaintiff makes no effort to

explain exactly *why* this standard is unreliable and does not even claim that it is flawed. Rather, he insinuates that Bayan blundered, without any actual evidence that his methodology was faulty.

In addition, Plaintiff faults Bayan for not testing the curved portion of the tub. See Plaintiff's Opposition at p. 9. He claims that because Bayan did not test *all* portions of the tub, then his opinion must be disregarded. See Id. This argument is absurd. There is no evidence that Plaintiff stepped on the curved or vertical surfaces of the tub. Bayan tested the floor of the tub, that part which logic dictates a person would put his foot on when entering, standing in or exiting the tub. In any event, had Plaintiff stepped on the curved portion of the tub, his own contributory negligence would have prevented his recovery. Regardless, Bayan testified that in his opinion, the curved portion of the tub would have a coefficient of friction equal to that of the bottom surface of the tub. See Plaintiff's Opposition, Exhibit 1 at 127.

### No Question of Material Fact Exists Regarding Safety of Bathtub

Plaintiff's second argument in opposition to Marriott's motion for summary judgment is that the lack of prior incidents with the bathtub is not conclusive of whether Marriott exercised due care. See Plaintiff's Opposition at 10. While it may be accurate to state that a lack of prior incidents (whether by other hotel guests or by the Plaintiff himself) is not in itself dispositive of the ultimate issue, it is evidence that Marriott had no notice of any defective condition of the bathtub. Because Plaintiff can produce no evidence that the bathtub was either in a defective condition or that Marriott was on notice of such a condition, his claims must fail.

In order to prove negligence in a slip-and-fall case, a plaintiff must prove both that a dangerous condition existed and that the defendant had actual or constructive notice of the dangerous condition. See, e.g., Wilson v. Wash. Metro. Area Transit Auth., 912 A.2d 1186 (D.C. 2006)(where plaintiff did not present evidence that hazard was present for length of time reasonably required to give defendant constructive notice of hazard, judgment

4

notwithstanding the verdict in favor of defendant was upheld). In this case, Plaintiff can prove neither. Plaintiff testified that he saw nothing unusual about the surface of the tub. See Defendant's Motion for Summary Judgment, Exhibit 1 at p.16. Plaintiff cannot prove notice of a defective condition where there was no defective condition.

Furthermore, Plaintiff's case necessarily requires the testimony of an expert witness. It is within the realm of common knowledge that a bathtub may be slippery when wet. A jury, however, cannot make the determination that a bathtub is unreasonably slippery without the assistance of an expert witness, as such determinations are outside the ken of a lay jury. Any decision the jury might make on the ultimate issue would be based purely on speculation. See Griggs v. Wash. Metro. Area Transit Auth., 2002 U.S. Dist. LEXIS 18413 (D.D.C. 2002)(plaintiff has burden to establish standard of care through expert testimony where ultimate issue is beyond the ken of the lay person). Plaintiff cannot rely on his own statement to create a triable issue of fact. See, e.g., Garvin v. Hyatt, 2000 Mass. App. Div. 143, 146 (2000)(where plaintiff claimed that the bathtub was "excessively slippery" and the defendant claimed to have no knowledge regarding the tub's composition, court held that the plaintiff had not met his burden). It is his burden to prove both an applicable standard of care as well as to show that Marriott violated that standard of care.

**Promissory Estoppel**

Plaintiff's final argument is that Marriott is obligated to reimburse him for his medical expenses under the principle of promissory estoppel. See Plaintiff's Opposition, p. 11-13. This argument is absurd; as Plaintiff points out, one of the elements of this principle is that "the promisor should reasonably have expected that the promise would induce action or forbearance by the promissee." See Id. at p.12 (quoting Schulz v. City of Longmont, 465 F.3d 433, 438 (10th Cir. 2006)). If his argument is to be accepted, it necessarily suggests that Marriott should have reasonably believed that its offer to pay actually *induced* Plaintiff to seek medical care. Not only is there no evidence in the record to suggest this, but it is

5

ridiculous to propose that, but for Marriott's alleged offer to pay his medical bills, Plaintiff would not have gone to the hospital.

Likewise, Plaintiff's claim of promissory estoppel fails on his third element: "the promisee in fact reasonably relied on the promise to the promisee's detriment." Plaintiff can hardly be said to have been harmed by seeking medical care, even if he had to pay for it out of his own pocket.

**Conclusion**

The undisputed material facts set forth no triable issue and judgment in favor of the Defendant, Marriott International, Inc. is required as a matter of law.

WHEREFORE, Defendant Marriott International, Inc., respectfully requests that this Honorable Court grant its motion for summary judgment and enter judgment in its favor and against Plaintiff.

                              MACLEAY, LYNCH, GREGG & LYNCH, P.C.

                              By: _____/s/_____
                                  Robert P. Lynch #416824
                                  1629 K Street, N.W.
                                  Suite 802
                                  Washington, DC 20006
                                  (202) 785-0123
                                  (202) 393-3390 (fax)
                                  *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by electronic mail, this 22nd day of June, 2007, to:

Mr. Robert Dillard, Esq..
Douglas, Boykin & Oden, PLLC
1401 Eye Street, N.W.
Suite 310
Washington, D.C. 20005
*Counsel for Plaintiff*

                                       /s/
                             Robert P. Lynch